UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER BELL,** | ) | **CASE NO. 1:16 CV 1135** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **DAVID YOUNG,** *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

### CHRISTOPHER A. BOYKO, J.:

On May 12, 2016, *pro se* Plaintiff Christopher Bell, an inmate in the Toledo Correctional Institution ("ToCI"), filed this action under 42 U.S.C. § 1983 against Richland Correctional Institution ("RCI") Property Officer David Young, RCI Institutional Inspector Kelly Rose, RCI Mailroom Employees Adrienne Husty and Jane Doe McCrae, RCI Mailroom Supervisor Lieutenant Jose Roque, RCI Corrections Officers John Doe Haynes and P. Dean, RCI Rules Infraction Board Chairman Lieutenant Tony Benson, and RCI Chief Medical Officer Dr. A Granson. In the Complaint, Plaintiff alleges that in 2013, corrections officers confiscated his personal property, the medical department removed his bottom bunk restriction and he was placed in a housing unit with smokers. He contends in 2014, a false conduct report was filed against him, he was unfairly charged with fighting and his medical file was lost when he was transferred to ToCI on June 25, 2014. He asserts violations of his First, Eighth and Fourteenth Amendment rights and seeks monetary relief.

Initially, Plaintiff did not pay the filing fee for this action nor did he file an Application to Proceed *In Forma Pauperis*. Because Plaintiff filed more than three previous actions that were dismissed under 28 U.S.C. § 1915(e), the "three strike" provision of 28 U.S.C. § 1915(g) applied and Plaintiff could not proceed *In Forma Pauperis* with this action. On May 18, 2016, the Court dismissed this action without prejudice and instructed Plaintiff that he could pay the full filing fee and file a Motion to Reopen the action within thirty days of the day of the Order. Plaintiff paid the filing fee on June 14, 2016. He filed a Motion to Reopen on June 27, 2016 (ECF No. 6). That Motion is granted.

## I. BACKGROUND

Plaintiff is currently a prisoner in the Toledo Correctional Institution. The events giving rise to his Complaint, however, occurred while he was incarcerated in RCI from December 19, 2013 until June 25, 2014.

**December 19, 2013 to May 12, 2014**

Plaintiff contends that on his arrival at RCI, Property Officer Young confiscated a large amount of his personal property, including legal materials. Young told him he would have to send it home or have it destroyed. On December 23, 2013, he discovered RCI medical personnel removed his bottom bunk restriction. Plaintiff claims he was moved to the disciplinary dorm on December 27, 2013 where he was exposed repeatedly to environmental tobacco smoke. He contends he received a favorable grievance decision with respect to his property in April 2014 and was told he would be reimbursed for the property destroyed. He states that Young refused to give him headphones and an adaptor he had confiscated from

Plaintiff, saying they were altered or damaged. Plaintiff went to his unit counselor on May 8, 2014 and complained that Young had damaged the property to keep it from him.

**May 12, 2014 to the present**

Plaintiff contends Young, Husty, McCrae and Roque brought disciplinary charges against him. He does not describe the nature of the charges. He indicates he was brought to segregation on May 12, 2014 and assigned to a top bunk. He contends he fell from the top bunk later that night and sustained injuries. He states he received a hearing on the charges on May 20, 2014 and was found not guilty. He states he was released from segregation back to the disciplinary dorm. His unit counselor took him to retrieve his personal property and he discovered his typewriter, CD Player, headphones and other items were in a garbage bag sitting in a pool of water.

On May 23, 2014, Plaintiff got into a physical altercation with an inmate assigned to another dorm. Plaintiff claims the other inmate was out of place. He states corrections officers broke up the fight and moved him to segregation. He was charged with fighting on May 27, 2014. The Rules Infraction Board found him guilty of the charge, sentenced him to local control and transferred him to another institution. He contends his personal property and medical records were lost in the transfer.

**Legal Claims**

Plaintiff asserts the Defendants violated his First, Eighth and Fourteenth Amendment rights. He contends they retaliated against him by initiating disciplinary procedures. He asserts Young retaliated against him by confiscating his property. He claims the Defendants denied him procedural and substantive due process and subjected him to cruel and unusual punishment.

## II.  LAW AND ANALYSIS

**Standard of Review**

A District Court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief.  28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the District Court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**Statute of Limitations**

As an initial matter, any of Plaintiff's claims pertaining to events that took place prior to May 12, 2014 are barred by the applicable statute of limitations. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). The actions alleged in the Complaint took place between December 19, 2013 and June 25, 2014. This action was filed on May 12, 2016. Any claims pertaining to events that took place prior to May 12, 2014 are beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing those claims to go forward in view of the fact that they are clearly time-barred. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998)(affirming *sua sponte* dismissal of *pro se* §1983 action filed after two year statute of limitations for bringing such an action had expired).

The expiration of the statute of limitations period is an affirmative defense that generally must be raised by the Defendants in a responsive pleading. FED.R.CIV.P. 8(c)(1). If, however, it is clear from the face of the Plaintiff's Complaint that relief is barred, the claims may be dismissed, *sua sponte*, at the screening stage. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Because it is apparent from the face of Plaintiff's Complaint that claims pertaining to events that occurred prior to May 12, 2014 are barred by the two-year statute of limitations, they are dismissed.

**Defendants Rose and Granson**

In addition, Plaintiff does not allege any specific conduct by Granson or Rose that occurred after May 12, 2014. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff does not allege what actions Granson personally performed which violated any of the constitutional rights Plaintiff specified in his Complaint. His allegations against Rose all pertain to incidents that occurred prior to May 12, 2014. The claims against these Defendants must be dismissed.

Furthermore, to the extent Plaintiff's claims against Rose concern his responses to Plaintiff's grievances, he fails to state a claim against this Defendant. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999).

**Retaliation**

The Court now shifts its attention to the merits of Plaintiff's remaining claims. First, he contends the Defendants retaliated against him. Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill an individual's exercise of First Amendment rights. *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). To state a *prima facie* case for retaliation prohibited by the First Amendment, Plaintiff must establish: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

### 1. Protected Conduct

The first element that Plaintiff must establish for his retaliation claim is that he was engaged in conduct protected by the First Amendment. *Id.* at 394-95. Plaintiff does not specify in what protected conduct he engaged. In the Complaint he indicates he filed a grievance with respect to personal property confiscated and destroyed by Young. He received a favorable ruling on his grievance. Liberally construing Plaintiff's Complaint, it is possible that he is referring to this conduct with regard to his retaliation claim. Filing a grievance against prison officials is conduct protected by the First Amendment. *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). To the extent he was referring to other conduct, it is not apparent on the face of the Complaint.

### 2. Adverse Action

The second element that Plaintiff must establish for his retaliation claim is that the Defendants took an adverse action against him. *Thaddeus–X*, 175 F.3d at 396. An adverse action is one that is "capable of deterring a person of ordinary firmness" from exercising the constitutional right in question. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002). Plaintiff does not have to show actual deterrence. *Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005). Even the threat of an adverse action can satisfy this element if the threat is capable of deterring a person of ordinary firmness from engaging in the protected conduct. *Hill*, 630 F.3d at 472; *Thaddeus-X*, 175 F.3d at 398. While this element is not an overly difficult one for the Plaintiff to meet, certain threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations. *Id.*

Much of Plaintiff's Complaint is written in passive voice, meaning that many specific actions are not attributed to any particular Defendant. He simply alleges in general that someone committed the act. His factual allegations against particular Defendants are brief. He claims Young, Husty, McCrae and Roque filed a conduct report with false allegations. He does not allege what conduct he was alleged to have committed or how the allegations against him were false. He claims Roque asked corrections officers to escort Plaintiff to segregation. Filing conduct reports against a prisoner can be an adverse action capable of deterring a person of ordinary firmness from exercising constitutional rights. *See Thaddeus–X*, 175 F.3d at 396. The other allegations are not as obviously adverse. He contends Benson was the Rules Infraction Board hearing officer who found him not guilty of the conduct charges. This action is not adverse to Plaintiff. He contends Haynes and Dean intervened to break up a fight between him and another inmate. While Plaintiff would have preferred that the other inmate be handcuffed, it also is not clear that this action was adverse to Plaintiff.

### 3. Motivation for Adverse Action

The third element that Plaintiff must establish for his retaliation claim to survive dismissal is that the adverse action was motivated, at least in part, by his participation in protected conduct. *Siggers–El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005). This element addresses whether the Defendants' subjective motivation for taking the adverse action was at least in part to retaliate against the prisoner for engaging in protected conduct. *Thaddeus–X*, 175 F.3d at 399. If the prisoner can show that the Defendants' adverse actions were at least partially motivated by the prisoner's protected conduct, then the burden shifts to the Defendants to show that they would have taken the same action even absent such protected conduct. *Id*. at 399.

If the protected conduct to which Plaintiff is referring is the grievance he filed with respect to his property, he may meet the basic pleading requirements for a retaliation claim against Young. There are, however, no allegations in the Complaint reasonably suggesting the other Defendants were motivated in their conduct by a grievance filed against Young. Husty, McCrae and Roque work in the mailroom. Husty dispenses legal mail. McCrae retrieves mail from prisoners for delivery outside of the prison. Roque is the lieutenant supervisor of the mailroom. Plaintiff fails to include any facts to suggest how they may have been connected to the grievance concerning his personal property. Benson is the Rules Infraction Board Chairman and ruled in his favor on a grievance. Haynes and Dean are corrections officers assigned to the housing units. They broke up a fight between Plaintiff and another inmate. Plaintiff does not suggest how that action is connected to his property grievance. His retaliation claims against Husty, McCrae, Roque, Benson, Haynes and Dean are dismissed.

**Due Process**

Plaintiff next claims that he was denied procedural and substantive due process. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the government of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit under 42 U.S.C. § 1983. *Id*.

The Due Process Clause has a procedural component and a substantive one. The two components are distinct from each other because each has different objectives and each imposes different constitutional limitations on government power. A procedural due process limitation, unlike its substantive counterpart, does not require that the government refrain from making a choice to infringe upon a person's life, liberty, or property interest. It simply requires that the government provide "due process" before making such a decision. *Howard v. Grinage*, 82 F.3d 1343, 1349 -1353 (6th Cir. 1996). The goal is to minimize the risk of erroneous deprivation, to assure fairness in the decision-making process and to assure that the individual affected has a participatory role in the process. *Id*. Procedural due process requires that an individual be given the opportunity to be heard "in a meaningful manner." *See Loudermill v. Cleveland Bd. of Educ.*, 721 F.2d 550, 563 (6th Cir. 1983). These claims do not consider the egregiousness of the deprivation itself, but only question whether the process accorded prior to the deprivation was constitutionally sufficient. *Howard*, 82 F.3d at 1350. Although the existence of a protected liberty or property interest is the threshold determination, the focus of this inquiry centers on the process provided, rather than on the nature of the right.

Substantive due process, on the other hand, serves the goal of preventing "governmental power from being used for purposes of oppression," regardless of the fairness of the procedures used. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986). Substantive due process serves as a vehicle to limit various aspects of potentially oppressive government action. *Id*. It serves as a check on legislation that infringes on fundamental rights otherwise not explicitly protected by the Bill of Rights; or as a check on official misconduct which infringes on a "fundamental right;" or as a limitation on official misconduct, which although not infringing on a fundamental

right, is so literally "shocking to the conscious," as to rise to the level of a constitutional violation. *Howard*, 82 F.3d at 1349.

### Procedural Due Process - Disciplinary Procedures

The initial inquiry in a due process claim is whether Plaintiff was deprived of a protected liberty or property interest. Prisoners have narrower liberty and property interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). The Due Process Clause, standing alone, confers no liberty or property interest in freedom from government action taken within the sentence imposed. *Id.* at 480. Actions by prison officials do not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. The question of what process is due is answered only if the inmate establishes a deprivation of a constitutionally protected liberty or property interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

Plaintiff refers to two disciplinary proceedings. He does not describe the charges brought against him in the first proceeding; however, those charges were dismissed. The second charges were brought against him for fighting. He contends he was found guilty of these charges, was placed in local control and was transferred from the institution. Generally, unless the disciplinary action is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate, no liberty or property interest will be found in the case. *Sandin*, 515 U.S. at 484. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence

imposed by a court of law." *Id*. at 485. "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221. Plaintiff does not indicate that good time credits were implicated or that he was held in segregation for a significant period of time.

Furthermore, Plaintiff does not suggest that any of the Defendants were involved in the disciplinary proceeding resulting in a finding of guilt. The first conduct report was dismissed by Benson. Plaintiff was found guilty of the second conduct report; however, he does not connect any of the Defendants to that hearing. He contends "a Hearing Officer served the Plaintiff [with] two conduct reports." (ECF No. 1 at 7). He does not allege facts indicating that any of the named Defendants was this Hearing Officer.

**Procedural Due Process - Personal Property**

Plaintiff also alleges that his personal property was misplaced during his transfer. He claims it was left behind after two John Doe officers from Mansfield placed it on the ground. The transport officer alerted Plaintiff to the error and indicated the property would be picked up the following day; however, he never received it. Again, Plaintiff fails to connect any of the Defendants to this action.

Furthermore, to prevail on a procedural due process claim, Plaintiff must plead and prove either that the Defendants deprived him of his property as a result of an established state procedure that itself violates due process rights; or that the Defendants deprived him of property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). Plaintiff does not raise a specific challenge to

an established state procedure. Instead, he claims that his property was left behind due to unauthorized acts of prison personnel. He therefore must also plead and prove that state remedies for redressing the wrong are inadequate. *Macene*, 951 F.2d at 706; *Vicory*, 721 F.2d at 1064. A remedy is available in the Ohio Court of Claims. *See Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989). Plaintiff has not indicated that he has pursued this remedy nor does he give any indication that the state remedy available to him would be inadequate. His procedural due process claims must be dismissed.

### Substantive Due Process

Plaintiff's substantive due process claim is also subject to dismissal. Due process claims of this nature involve official acts which cause a deprivation of a substantive fundamental right, or "shock the conscience." *Mertik v. Blalock*, 983 F.2d 1353,1367 (6th Cir. 1993). These actions are unconstitutional regardless of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989). A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a government agent. *Id*. at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id*.

Plaintiff does not allege facts suggesting any of the Defendants deprived him of a fundamental right. His substantive due process claim must therefore be based on conduct alleged to be so severe that it shocks the conscience. Where a specific Amendment provides an explicit source of constitutional protection against a particular sort of governmental conduct, "that Amendment, not the more generalized notion of 'substantive due process,' must be the

guide for analyzing these claims." *See Graham v. Connor*, 490 U.S. 386, 395 (1989). Plaintiff asserted substantially similar claims under the First Amendment and Eighth Amendment. His substantive due process claim is dismissed as duplicative of those claims. Furthermore, none of the conduct alleged by Plaintiff shocks the conscience. He fails to state a claim against these Defendants for denial of substantive due process.

**Eighth Amendment**

Finally, Plaintiff alleges Young, Husty, McCrae, Haynes, Dean, Roque and Benson violated his Eighth Amendment rights. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825. 832 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does not address those conditions which cause

the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff fails to allege facts to suggest that the Defendants subjected him to objectively harsh conditions of confinement. He contends Young, Husty, McCrae and Roque falsely accused him of misconduct. He alleges Young made antagonistic remarks to him. He alleges Haynes and Dean broke up a fight and handcuffed him and not the other inmate. He claims Benson presided over his first conduct hearing and dismissed the charges against him. These conditions may be annoying or uncomfortable, but they did not endanger Plaintiff's immediate

health or safety. Plaintiff's Eighth Amendment claims against the remaining Defendants are dismissed.

### III. CONCLUSION

Plaintiff's Motion to Reopen (ECF No. 6) is granted. Plaintiff's Motion for Reconsideration (ECF No. 5) of the Court's denial of his request for additional time to pay the filing fee is denied as moot. Plaintiff paid the filing fee on June 14, 2016.

The Court has screened the Complaint under 28 U.S.C. § 1915A. Accordingly, Plaintiff's procedural due process, substantive due process and Eighth Amendment claims are dismissed against all Defendants pursuant to 28 U.S.C. §1915A. His retaliation claims are dismissed against Husty, McCrae, Haynes, Dean, Roque, Benson, Rose and Granson. All claims pertaining to events occurring prior to May 12, 2014 are dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1] This action shall proceed solely on Plaintiff's retaliation claim against Young pertaining to Young's alleged conduct after May 12, 2014. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on Young and shall include a copy of this Order in the documents to be served upon that Defendant.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: September 19, 2016

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.