IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BELL, | ) | CASE NO. 1:16 CV 1135 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| DAVID YOUNG, *et al.*, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendants. | ) | |

Before me by referral[1] in this matter of Christopher Bell's *pro se* action pursuant to 42 U.S.C. § 1983 against the Toledo Correctional Institution and various individual defendants[2] is Bell's motion for reconsideration[3] of the order dismissing Bell's procedural due process, substantive due process and Eighth Amendment claims against all defendants, and further dismissing all claims pertaining to events occurring prior to May 12, 2014.[4] Moreover, the Order dismissed all retaliation claims asserted against defendants Husty, McCrae, Haynes, Dean, Roque, Benson, Rose and Granson, such that Bell's case could proceed "solely on [his] retaliation claim against [defendant] Young pertaining to Young's alleged conduct after May 12, 2014."[5]

---

[1] ECF # 9.

[2] ECF # 1.

[3] ECF # 12.

[4] ECF # 7 at 16.

[5] *Id.*

For the reasons that follow, I will recommend that the motion for reconsideration be denied.

## Facts

In the brief supporting the motion to reconsider,[6] Bell substantially relates his view of the facts relevant to his motion.

He alleges that on May 5, 2016 he "rushed" the submission of "an incomplete version" of his original complaint "simply to beat the statute of limitations."[7] He maintains that he had intended to file the complaint "long before" the May 5 date but was delayed in doing so by "depression and possible head injuries".[8]

Bell states that soon after filing he submitted a motion for an extension of time so as to file an amended complaint to "fix all imperfections" in the original complaint, which he acknowledges was "not adequate".[9] In particular, Bell admits that the original complaint contained allegations that were outside the statute of limitations, and so he sought to amend the complaint to include allegations that a "continuing wrong" was occurring.[10]

On May 18 - a date five days before this Court received Bell's motion for an extension of time - Bell's case was dismissed without prejudice due to his failure to pay the filing fee

---

[6] ECF # 12 at 2-5.

[7] *Id*. at 2.

[8] *Id*.

[9] *Id*.

[10] *Id*. at 2-3.

at the commencement of the action.[11] Subsequent to that order, and upon the actual filing of Bell's motion for extension of time, on May 26, 2016, the motion was denied because Bell sought more time than was permitted in the order of dismissal and gave no reasons for needing such additional time.[12] The Court reiterated that Bell had until June 18, 2016 to "pay the filing fee and reopen this case."[13] A copy of this order was mailed to Bell on the same day it was entered.[14] The filing fee was received on June 14, 2016 in conformity with this Court's order.[15]

But, notwithstanding that on June 14 Bell tendered the correct filing fee seemingly in compliance with this Court's order of May 26, Bell contends that on June 17, 2016 he filed a supplemental motion for reconsideration of this original order of dismissal[16] because he had not heard anything back from this Court regarding his May motion.[17] Just 10 days later, on June 27, 2016, Bell explicitly moved to alter or amend this Court's judgment of May 26, asking specifically that he be allowed an extension of time until July 20, 2016 so that he

---

[11] ECF # 2.

[12] ECF # 4.

[13] *Id*. at 2.

[14] Non-document notation entered May 26, 2016.

[15] Non-document notation entered on June 14, 2016.

[16] ECF # 5.

[17] ECF # 12 at 4.

might cure "all imperfections" within his complaint, although no specific "imperfections" were noted.[18]

On September 19, 2016, this Court granted Bell's motion to reopen his case, and further ordered dismissal of claims as noted above.[19]

### A. Standard of review

While a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it serves a legitimate and valuable role in certain situations.[20] Such a motion is typically treated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).[21] Although motions to amend or alter judgment may only be directed to final judgments, and the Court has not yet entered final judgment in this case, the analogy to the law governing such motions is appropriate here.

---

[18] ECF # 6 at 4.

[19] ECF # 7.

[20] *Nat'l Union Fire Ins. Co. v. Continental Illinois Corp.*, 116 F.R.D. 252, 253 (N.D. Ill. 1987) (citing *Above The Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983)).

[21] *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 382 (6th Cir. 1991) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979)).

A motion for reconsideration is not an opportunity for an unhappy litigant to reargue the case.[22] Motions for reconsideration are not substitutes for appeal nor are they vehicles whereby a party may present arguments inexplicably omitted in prior proceedings.[23]

Generally, there are three major situations which justify a court reconsidering one of its orders: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice."[24] But, the motion for reconsideration must demonstrate to the court why it should reconsider its decision and set forth strongly convincing facts or law which would induce it to reverse its prior decision.[25]

## Analysis

The key difference between the current motion for reconsideration and the one this Court ruled on before is that the present motion provides specific reasons as to why Bell wants time to amend his complaint, while the prior motion merely spoke in general terms about "imperfections" that Bell wished to address. Whatever the merits of the reasons given

---

[22] *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

[23] *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991), *aff'd sub nom U.S. v. Carper*, 22 F.3d 303 (3d Cir. 1994), *cert. denied sub nom Karr v. Carper*, 513 U.S. 1084 (1995).

[24] *Kern-Tulare Water Dist. v. Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part, rev'd in part*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988).

[25] *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988).

in the current motion, such as asserting the continuing offense doctrine, those reasons were known to Bell at the time of the prior motion but not provided to this Court.

While the rubric for altering or amending judgment does address circumstances of "newly discovered evidence," it is clear that such evidence does not include evidence or arguments known to the movant but not disclosed to the Court as it considered the record before issuing the original order he now seeks to alter or amend. As the Judge Dowd noted in *Webster v. City of Kent*,[26] "a party cannot utilize a Rule 59(e) motion to re-litigate issues the Court previously considered, or to 'raise arguments which, or should, have been made before judgment issued.'"[27]

Here, as noted, Bell had full opportunity to explain and support his original motion for an extension of time to amend his complaint with a statement of specific additional arguments and legal theories he wished to include in an amended complaint. Instead, in an argument largely devoted to why he needed time to pay the filing fee, an argument that had become moot when the matter came before the Court, Bell further elected to merely make a single reference to unspecified "imperfections" he wished to remedy if given time to amend the complaint.[28] The fact that Bell now wishes to present specific arguments for an

---

[26] *Webster v. City of Kent*, No. 5:10 CV 599, 2010 WL 3221934 (N.D. Ohio Aug. 13, 2010).

[27] *Id.* at * 1 (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

[28] ECF # 6 at 4.

-6-

amendment that he chose not to make prior to this Court's order does not provide a basis for altering or amending that order.

## Conclusion

For the reasons stated, I recommend that Bell's motion for reconsideration[29] be denied.


Dated: January 5, 2017                                        s/ William H. Baughman, Jr.
                                                                   United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[30]

---

[29] ECF # 12.

[30] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).