IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BELL, | ) | CASE NO. 1:16 CV 1135 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| DAVID YOUNG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is Christopher Bell's *pro se* action under 42 U.S.C. § 1983[2]

that by prior Order of this Court[3] now consists solely of Bell's "retaliation claim against

Young pertaining to Young's alleged conduct after May 12, 2014."[4] Young has moved for

summary judgment[5] and Bell has opposed that motion.[6]

For the reasons that follow, I will recommend that Young's motion be granted and

thus that Bell's action be dismissed with prejudice.

---

[1] ECF No. 9.
[2] ECF No. 1.
[3] ECF No. 7.
[4] *Id.* at 16.
[5] ECF No. 39.
[6] ECF No. 41.

## Facts

### A.      Complaint allegations

In a prior order, the District Judge summarized the charges against Young set out in the complaint.  The assertions are that:

(1) Young improperly confiscated property belonging to Bell at the moment Bell arrived at Richland Correctional Institution ("RCI") in 2013, along with a threat that Young would have the material sent home or destroyed;

(2) Young, also in 2013, refused to return headphones and an adapter that were previously confiscated, with Bell alleging that Young damaged these items;

(3) In 2014, Young, among others, brought unspecified disciplinary charges[7] against Bell, charges that caused Bell to be assigned to segregation on May 12, 2014, and in segregation he was improperly put in a top bunk, from where he fell;

(4) After May 20, 2014, Bell was found not guilty of the charges alleged, but Bell found that when he was released from segregation back to the disciplinary dorm, his typewriter, CD player, headphones and "other items" were "in a garbage bag sitting in a pool of water;"[8]

(5) Later in May 2014, Bell was involved in a fight with another inmate, for which Bell was transferred to another institution;

(6) Bell contends that following that transfer his personal property and medical records were lost.[9]

The first two allegations cited here, which took place in 2013, are no longer part of the case.[10]  Moreover, the only remaining post-May 12, 2014 claims are those that have actually been pled in the complaint and concern Young.

---

[7] The specific wording of the District Judge was that "[Bell] does not describe the nature of the charges."  ECF No. 7 at 3.

[8] *Id.*

[9] *Id.*

[10] *See* ECF No. 7 at 16 ("All claims pertaining to events occurring prior to May 12, 2014 are dismissed.").

Accordingly, I examine the Rule 56 evidence from each side.

**B.      Bell's Rule 56 evidence**

*1.      Bell affidavits*

Beyond the claims stated above, Bell attempts to state additional allegations and provide evidence as to stated claims in three affidavits filed in this matter:

(1) An affidavit executed on August 22, 2018;[11]

(2) An affidavit executed on March 17, 2016;[12] and

(3) An unsigned affidavit dated December 7, 2018.[13]  Bell also submitted an affidavit stating that he cannot reply to Young's summary judgment motion because Young has allegedly not properly replied to discovery requests for the internal records of how Bell's complaints were investigated or for Young's employment records.[14]

In addition, Bell has supplied a series of unworn, internal prison forms:

(1) A complaint by Bell submitted on May 2, 2014 regarding Young's conduct that day concerning an alleged theft of headphones in January. 2014, and an alleged theft of an adapter in February 2014;[15]

(2) A complaint by Bell submitted May 21, 2014 complaining that the alleged headphone and adapter thefts by Young were not properly addressed;[16] and,

(3) An unsworn "disposition of grievance" form dated June 9, 2014 wherein the grievance alleging the retaliatory damaging of headphones was returned to Bell for not following proper procedures in submitting a grievance.[17]

---

[11] ECF No. 36, Ex. 11.

[12] ECF No. 41, Ex. 1.

[13] ECF No. 41, Ex. 7.

[14] ECF No. 41, Ex. 10.

[15] ECF No. 41, Ex. 11.

[16] *Id.*

[17] *Id.*

3

a.      *December 7, 2018 unsigned affidavit*

As to the unsigned affidavit of December 7, 2018, this document is not signed by Bell, although it has a notary seal.[18]  As the Sixth Circuit has observed, "an unsigned affidavit is a contradiction in terms" because, by definition, an affidavit is a sworn statement, in writing, made under oath before an authorized officer.[19]  Affidavits "must be signed and properly attested to be cognizable under Rule 56."[20]  In a situation involving a motion for summary judgment, the district court properly discards such an unsigned affidavit.[21]

Accordingly, nothing in the unsigned affidavit dated December 7, 2018 is considered as valid Rule 56 evidence in the resolution of the current motion for summary judgment.

b.      *August 22, 2018 affidavit*

Bell has also furnished an affidavit dated August 22, 2018.  That document, which is both signed and notarized, makes two claims relevant to the period after May 12, 2014: (1) Bell has suffered unspecified "head injuries" at some unspecified times in 2010, 2011, and 2014; and (2) since January 2017 Bell has been denied access to the prison law library by unnamed persons.[22]

---

[18] *Id.* at 3.
[19] *Sfakianos v. Shelby County Government,* 481 F. App'x 244, 245 (6th Cir. 2012) (internal citations omitted).
[20] *Id.* (internal citation and quotation omitted).
[21] *Wingz and Thingz 1 v. Penn-Star Ins. Co*., 547 F. App'x 766, 767 (6th Cir. 2013) (citing *Sfakianos*, 481 F. App'x at 245).
[22] ECF No. 36, Ex. 11 at ¶ 5, ¶ 6.

4

As to both claims, a complaint may not be amended with new grounds for relief by simply including them in an affidavit filed in connection with a motion.[23]  Accordingly, although both assertions appear to arise after the date specified by the District Judge, neither are included in the complaint.[24]

Further, vague allegations that Bell suffered a non-specific head injury at an unspecified time in 2016 arising in a non-specified way would not, even if pled in an amended complaint, state a claim for relief under the current rules for pleading.[25]  Neither would the non-specific claims that Bell was somehow, in some manner and for some reason, denied access by some unnamed person or persons to the prison law library in 2017, even if it were related to the filed complaint.[26]  As noted, the complaint itself was filed in May of 2016 and so could not have included allegations regarding actions in 2017.  Thus, the allegations in Bell's August 22, 2018 affidavit concerning events in 2017 are not relevant here.

Therefore, nothing in Bell's August 22, 2018 affidavit constitutes relevant Rule 56 evidence as to the current motion for summary judgment.

---

[23] *Primani v. Vintage 185, Inc.*, 2019 WL 486089, at * 4 (E.D. NY Feb. 6, 2019) (facts asserted in opposition to a motion "are no substitute for well-pleaded allegations" and "[i]t is well-settled that a plaintiff cannot amend the complaint through briefs and affidavits . . . .) (internal citations and quotations omitted).

[24] *See* ECF No. 1.  Indeed, no allegations arising in 2017 could have been in the original complaint, which was filed on May 12, 2016.

[25] The pleading must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[26] *Id.*

5

c.    *March 17, 2016 affidavit*

Bell's affidavit of March 17, 2016 contains facts concerning events in 2013 and in 2014.  As has been stated, nothing that took place in 2013 is relevant here.  Thus, the facts set out in paragraphs four through nine of the March 17, 2016 affidavit – which address incidents in December 2013 – are not relevant here.[27]

These paragraphs take up the entire first page of what Bell denominated Exhibit A of his affidavit filed in support of his motion in opposition to the motion for summary judgement.  The next page – of a two-page filing – begins with paragraph 22; thus, there is an apparent gap between paragraph nine on page one and paragraph 22 on the beginning of the next filed page.  In addition, there is a typed notation on the top of the second filed page which reads "con't fr. pp. 2."[28]  Read in context with the gap between numbered paragraphs cited above, this notation seems to indicate that the page beginning with paragraph 22, and on what is the second filed page, is actually page three that is, by its own terms, "continued from page two."

Although it is unusual that a party would submit an affidavit that is missing some of its pages, it is not the first time in American jurisprudence that such a situation has arisen.  In such a situation, had Young noticed that Bell's March 17, 2016 affidavit was missing a page,[29] Young could have moved the Court to strike the missing page and, absent

---

[27] ECF No. 41, Ex. 1 at ¶¶ 4-9.

[28] *Id.* at 2.

[29] Although dated in March 2016, this affidavit was filed here on December 26, 2018.

a reply by Bell, it would have been proper to grant such a motion.[30] Alternatively, Bell could have resubmitted the affidavit with the missing page, even though to have done so would have required a new signature and notarization.[31] Further, if it is apparent that the missing pages do not contain any material relevant to the adjudication of the motion, the court may proceed notwithstanding the fact that the affidavit was missing pages.[32]

However, where neither party has been aware of the issue and so neither has notified the Court, the law states, in connection with a motion for summary judgment, that the non-moving party has the duty to identify specific evidence in the Rule 56 record on matters on which it has the burden of proof.[33] The district court has no duty to search the record for such evidence.[34] Indeed, in *Fields v. Flanagan*,[35] the district court denied summary judgment to a defendant where that defendant could not meet his burden of proof because his affidavit was missing a page.[36]

d.    *Prison complaints and replies*

Although none of the prison complaint documents are in the form of sworn

---

[30] *See Smith v. Allstate Ins. Co.*, No. 00 C 7822, 2001 WL 1000736, at *3 (N.D. Illinois Aug. 29, 2001).

[31] *U.S. v. Marquez-Huazo*, Nos. 1:11–cv–00575–EJL, 1:07–cr–00271–EJL, 2014 WL 4365315, at *2 (D. Idaho Sept. 2, 2014).

[32] *See Carpenter v. Lane College*, No. 2:17-cv-2672-MSN-cgc, 2019 WL 845275, at *3 n. 2 (W.D. Tenn. Feb. 6, 2019).

[33] Fed. R. Civ. Pro. 56(c)(1); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

[34] *InterRoyal*, 889 F.2d at 111.

[35] No. 13–14164, 2015 WL 5027552 (E.D. Mich. Aug. 25, 2015) (adopting report and recommendation).

[36] *Id.* at *5.

statements, that defect alone is not fatal to their consideration here.  As the Supreme Court has observed in *Celotex Corp. v. Catrett*,[37]"We do not mean that the nonmoving party must produce evidence in a form admissible at trial to avoid summary judgment."[38]  Indeed, the nonmoving party may meet its rebuttal burden with evidentiary material not specifically identified in Rule 56 and/or not currently in admissible form for trial.[39]

That said, although the prison complaint documents may be in acceptable form, the information they contain refers to events that took place prior to May 12, 2014, and thus are beyond the scope of the case as set out by a prior Order of this Court.

e.    *Bell – Rule 56 summary*

In sum, the Bell's cognizable, relevant Rule 56 evidence – detailed more extensively above – consists of general allegations that in June 2014 Bell was:

(1) verbally harassed by unnamed persons during the June 2014 bus ride to his new place of incarceration;

(2) he was placed in segregation upon arrival;

(3) his medical records and personal property were "misplaced," requiring him to purchase new items;

(4) unnamed medical officials in the new location did not know how to properly treat Bell, causing him to be erroneously assigned to the upper level of his bunk, resulting in injury;

(5) unnamed officials in his new location "received calls" from unnamed officials in his former location "instructing them to retaliate" against Bell in unspecified ways, which these unnamed officials "proceeded to do;"

---

[37] 477 U.S. 317 (1986).

[38] *Id.* at 324.

[39] *Cockfield v. United Technologies Corp.*, 289 F. Supp. 2d 126, 129 fn. 3 (D. Conn. 2003) (citations omitted).

(6) the inspector for institutional services – unnamed in the affidavit – began, in unspecified ways, "to make it difficult [for Bell] to exhaust his administrative remedies relevant to the missing property;" and

(7) other unnamed officials in the new location "began to treat [Bell] differently" by "abusing him" in non-specified ways.[40]

Thus, as is clear, none of the relevant and cognizable Rule 56 evidence[41] submitted by Bell directly mentions Young, and nothing in that evidence allows me to draw a reasonable inference that Young is liable for any misconduct alleged in the complaint.

## C.    Young's Rule 56 evidence

For his part, Young submits two pieces of Rule 56 evidence: (1) an unsworn conduct report written by Young dated May 8, 2014 alleging that Bell was disrespectful and threatening;[42] and (2) Young's sworn, written responses to Bell's interrogatories.[43]

As to Young's complaint against Bell, because the report itself is dated May 8, 2014, the report itself and the conduct it describes falls before the time period relevant to this case. While it may be relevant to consider material preceding the specified time period as foundational to latter claims, the information in this affidavit has not been alleged to be connected to the claims at issue.  Accordingly, this affidavit is not considered here.

The other document submitted by Young is his sworn responses to Bell's

---

[40] ECF No. 41, Ex. 1 at ¶¶ 22-30.

[41] In addition to the reasons cited above as to why aspects of the various affidavits submitted by Bell are not cognizable, relevant Rule 56 evidence, the highly detailed 14-point recitation of factual allegations in Bell's brief in opposition to Young's motion for summary judgment (ECF No. 41 at 1-2) was not sworn to nor was it otherwise in the form of evidence acceptable in adjudicating a motion for summary judgment.  *See Salt Lick Bancorp v. F.D.I.C.*, 187 F. App'x 428, 444-45 (6th Cir. 2006) (internal citations omitted).

[42] ECF No. 39, Ex. 1.

[43] *Id.*, Ex. 2.

interrogatories.[44]   As a preliminary matter, by choosing to submit only answers to interrogatories and not any affirmative statements in an affidavit, Young has made it more difficult than it should be to clearly ascertain what his testimony is concerning the claims at issue.  In numerous instances, the interrogatory question – as distinct from the allegation of the complaint – is phrased so as to inquire about purported prison policies and not specific individual actions.[45]  In other instances, the answer is relevant to Young's alleged personal acts set forth in the complaint but is given with an objection to the question.  It would be more than a little ironic that if I, on one hand, were to sustain Young's objections to the interrogatory questions then Young, on the other hand, would be deprived of most of the instances of relevant Rule 56 evidence contained in his interrogatory answers that he now relies on for his motion.[46]

As it is, with the stated objections here overruled, Young's answers do yield the following relevant Rule 56 statements:

- Answer No. 10 – Young answered "no" to the question "[H]ave you took [*sic*] it upon yourself to retaliate against [Bell] upon your receipt of information that [Bell] filed a complaint against another prison official?"[47]

- Answer No. 14 – After objecting, Young testified as noted earlier that he "did

---

[44] ECF No. 39, Ex. 2.

[45] *See, e.g., id.* at questions 8, 11, 12.

[46] *See id.* at questions 14, 15.  In response to questions about the destruction and/or "hiding' of property in June 2014, Young clearly states in answer to question 14 that "I did not destroy any property.  I have never requested other institutional employees to retaliate against an inmate."  And in response to question 15 he states, "I have never hidden any inmate's property."  Yet in both cases he objected to the question as (1) assuming facts not in evidence and being vague and ambiguous [question 14] and (2) assuming facts not in evidence and "the request is intended to harass."

[47] *Id.* at question 10.

not destroy any property" and "never requested other institutional employees to retaliate against an inmate."[48]

- Answer No. 15 – After objecting, Young testified that in regard to Bell's claims concerning missing or hidden property after his transfer in June 2014, "I have never hidden any inmate's property."[49]

- Answer No. 18 – After objecting, Young partially answered Bell's compound question of (1) "who located" his box of personal property that went missing in June 2014 and (2) "where is this [*sic*] [Bell's] still missing medical files."  In response, Young (1) did not respond to the portion of the question addressing who found the material and (2) stated that "Medical personnel is [*sic*] responsible for transfer of those documents."[50]

## Analysis

### A.    Summary judgment standard

The court should grant summary judgment if satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[51]  The moving party bears the burden of showing the absence of any such "genuine issue":

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.[52]

A fact is "material" only if its resolution will affect the outcome of the lawsuit.[53]

Determination of whether a factual issue is "genuine" requires consideration of the

---

[48] *Id.* at question 14.
[49] *Id.* at question 15.
[50] *Id.* at question 18.
[51] Fed. R. Civ. P. 56(c).
[52] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).
[53] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

applicable evidentiary standards.[54] The court will view the summary judgment motion "in the light most favorable to the party opposing the motion."[55] The court should grant summary judgment if a party who bears the burden of proof at trial establishes each essential element of his case.[56] Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[57]

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.[58] The nonmoving party may not simply rely on its pleadings but must "produce evidence that results in a conflict of material fact to be solved by a jury."[59] Moreover, if the nonmovant presents evidence "merely colorable" or not "significantly probative," the court may decide the legal issue and grant summary judgment.[60] "In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue."[61]

In sum, proper summary judgment analysis entails the threshold inquiry of determining whether there is the need for a trial – "whether, in other words, there are any

---

[54] *Id.* at 252.
[55] *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).
[56] *McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir. 2005) (citing *Celotex*, 477 U.S. at 322).
[57] *Leadbetter v. Gilley*, 385 F.3d 683, 690 (6th Cir. 2004) (quoting *Anderson*, 477 U.S. at 248-49) (internal quotation omitted).
[58] *Id.*
[59] *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).
[60] *Anderson*, 477 U.S. at 249-50 (citation omitted).
[61] *BDT Prods. v. Lexmark Int'l*, 124 F. App'x 329, 331 (6th Cir. 2005) (internal quotation omitted).

genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[62]

## B.    Application of standard

Although it is clear from the lengthy discussion above that organizing and addressing the evidentiary submissions by both parties was unusually complex, the application of the relevant standard to the evidence that remains is fairly straightforward.

First, as noted, there is no relevant, cognizable Rule 56 evidence from Bell to be considered at all.     Next, as to the evidence submitted by Young – the moving party – that evidence must be evaluated in light of only two retaliation claims that at least potentially involve Young and which are alleged to have occurred after May 12, 2014:

(1) That after being released from segregation around May 20, 2014, various personal items belonging to Bell were discovered in a garbage bag sitting in a pool of water arguably in retaliation for Bell having been found not guilty on disciplinary charges purportedly filed by Young and others; and

(2) After Bell was transferred to another facility in June 2014, Young was responsible in some way for Bell's medical records being lost and Bell's personal property being misplaced.

As noted above, other allegations – such as verbal harassment on the bus during the June transfer; unnamed officials in Bell's new location "abusing" him in unspecified ways at the direction of unspecified persons, and that Bell's fight in late May was "set up" by unnamed prison officials as retaliation – are not alleged with sufficient factual bases to permit me to draw the reasonable inference that Young is the party "liable for the

---

[62] *Anderson*, 477 U.S. at 250.

misconduct alleged."[63]

Thus, as to the two retaliation claims remaining, Young's Rule 56 evidence is:

(1) that he never took it upon himself to retaliate against Bell; [64]

(2) that he "never requested other institutional employees to retaliate against an inmate;"[65]

(3) that he "did not destroy any property;"[66]

(4) that he has "never hidden inmate's property;"[67] and

(5) that as to the missing medical files after the June 2014 transfer, "[m]edical personnel is [*sic*] responsible for the transfer of those documents."[68]

Inasmuch as there is no relevant, cognizable Rule 56 evidence from Bell on these specific claims, I recommend finding that Young has carried his burden of proof in showing that he is entitled to summary judgment on all outstanding claims set out by Bell.

## Conclusion

For the reasons stated above, I recommend that the summary judgment motion filed by defendant David Young[69] be granted and thus that the *pro se* prisoner civil rights action of Christopher Bell[70] be dismissed in its entirety with prejudice.

IT IS SO RECOMMENDED.

---

[63] *Iqbal*, 556 U.S. at 678.
[64] ECF No. 39, Ex. 2, question 10.
[65] *Id.*, question 14
[66] *Id.*
[67] *Id.*, question 15.
[68] *Id.*, question 18.
[69] ECF No. 39.
[70] ECF No. 1.

Dated: March 26, 2019                    s/ William H. Baughman, Jr.
                                         United States Magistrate Judge