**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER BELL,** | ) | **CASE NO. 1:16CV1135** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **DAVID YOUNG, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Plaintiff's Objections (ECF DKT #49) to the Magistrate Judge's Report and Recommendation (ECF DKT #45-1) recommending that Defendant David Young's Motion for Summary Judgment (ECF DKT #39) be granted and that the above-captioned action be dismissed with prejudice. For the following reasons, the Court finds that the Objections are without merit and; therefore, the Court adopts the recommendation and dismisses the case with prejudice.

**I. BACKGROUND**

On May 12, 2016, pro se Plaintiff Christopher Bell, an inmate in the Toledo

Correctional Institution ("ToCI"), filed this action under 42 U.S.C. § 1983 against Richland Correctional Institution ("RCI") Property Officer David Young, RCI Institutional Inspector Kelly Rose, RCI Mailroom Employees Adrienne Husty and Jane Doe McCrae, RCI Mailroom Supervisor Lieutenant Jose Roque, RCI Corrections Officers John Doe Haynes and P. Dean, RCI Rules Infraction Board Chairman Lieutenant Tony Benson, and RCI Chief Medical Officer Dr. A. Granson.

In the Complaint, Plaintiff alleges that in 2013, corrections officers confiscated and damaged his personal property, the medical department removed his bottom bunk restriction and he was placed in a housing unit with smokers. He contends that in 2014, a false conduct report was filed against him, he was unfairly charged with fighting and his medical file was lost when he was transferred to ToCI on June 25, 2014. He asserts violations of his First, Eighth and Fourteenth Amendment rights and seeks monetary relief.

In a prior Order (ECF DKT #7), the Court ruled that Plaintiff's procedural due process, substantive due process and Eighth Amendment claims were dismissed against all Defendants pursuant to 28 U.S.C. §1915A. His retaliation claims were dismissed against Husty, McCrae, Haynes, Dean, Roque, Benson, Rose and Granson. All claims pertaining to events occurring prior to May 12, 2014 were dismissed. Therefore, the action proceeded solely on Plaintiff's retaliation claim against Defendant Young pertaining to Young's alleged conduct after May 12, 2014.

Subsequently, Defendant filed a Motion for Summary Judgment (ECF DKT #39), which Plaintiff opposed (ECF DKT #41). On March 26, 2019, the Magistrate Judge issued his Amended Report & Recommendation (ECF DKT # 45-1), finding that Plaintiff did not

offer evidence creating a genuine issue of material fact and that Defendant carried his burden showing he is entitled to summary judgment on all outstanding claims in Plaintiff's Complaint.

Plaintiff's Objections, captioned as "Plaintiff's Motion Contra Magistrates [sic] Motion to Dismiss," were filed on June 17, 2019. Plaintiff objects to the Magistrate Judge comparing evidence and "penalizing" him for "accidently submitting a notarized affidavit that apparently was not signed or signatured [sic] by the Plaintiff." Plaintiff also objects that the Magistrate Judge criticizes his attempts to amend his lawsuit through briefs and affidavits. Plaintiff argues that leave to amend should be freely granted. Moreover, Plaintiff insists that he has clearly alleged facts, directly or inferentially, that satisfy each element required for recovery under his Retaliation claim.

## II. LAW AND ANALYSIS

**Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the district court judge to address objections by conducting a *de novo* review of relevant evidence in the record before the magistrate judge. Parties are not permitted at the district court stage to raise new arguments or issues that were not presented to the magistrate. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), citing *United States v. Waters*, 158 F.3d 933 (6th Cir. 1998).

**<u>Motion for Summary Judgment</u>**

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the

nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Retaliation**

To state a prima facie case for retaliation prohibited by the First Amendment, Plaintiff must establish that: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Plaintiff indicates he filed a grievance with respect to personal property confiscated and destroyed by Defendant Young. Filing a grievance against prison officials is

conduct protected by the First Amendment. *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

An adverse action is one that is "capable of deterring a person of ordinary firmness" from exercising the constitutional right in question. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002). Plaintiff maintains that his personal property was destroyed, that his medical records were lost, that he was transferred to the "most notorious" prison in the State of Ohio and that unnamed Richland Correctional officials instructed Toledo Correctional officials to retaliate against him.

The third element that Plaintiff must establish is that the adverse action was motivated, at least in part, by his participation in protected conduct. *Siggers–El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005). This element concerns whether Defendant's subjective motivation for taking the adverse action was at least in part to retaliate against the prisoner for engaging in protected conduct. *Thaddeus–X*, 175 F.3d at 399. Plaintiff states that the "causal connection between elements one and two are - glaring and unrefutable," and that the burden shifts to Defendant to show that the same action would have been taken even absent the protected conduct.

In support of his Motion for Summary Judgment, Defendant Young submits his sworn responses to Plaintiff's interrogatories (ECF DKT #39, Exhibit 2) to demonstrate that Plaintiff cannot establish the elements of a Retaliation claim. The interrogatory answers reflect:

1. Young never took it upon himself to retaliate against Bell;

2. Young never asked other institutional employees to retaliate against an inmate;

3. Young did not destroy any property of an inmate;

4. Young never hid an inmate's property; and

5. Medical personnel, not Young, are responsible for transferring any medical documents.

Plaintiff argues that there are genuine issues of material fact and provides three affidavits: One affidavit is unsigned. One affidavit is missing a page. The third affidavit attests to events occurring prior to May 12, 2014 and after the instant lawsuit was filed. Plaintiff also submits copies of prison complaint forms which reference events before May 12, 2014, which are excluded from the Court's consideration pursuant to the Court's prior Order (ECF DKT #7).

Viewing the evidence in a light most favorable to the non-movant, Plaintiff has not established every element of his cause of action for First Amendment Retaliation, and has not countered Defendant's sworn evidence by showing that there are genuine factual disputes which can only be resolved by a jury. None of Plaintiff's evidence allows the Court to draw even the inference that Defendant Young is specifically responsible for any of the alleged misconduct.

Plaintiff's Objections re-hash arguments and claims from his original Complaint and from his Opposition to Summary Judgment. Plaintiff can no longer rely on mere allegations and he cannot offer new evidence in his objections to the Magistrate Judge's Report and Recommendation. *Celotex*, 477 U.S. at 324; *Murr*, 200 F.3d at 902. In addition, Plaintiff refers to the Report and Recommendation as a motion to dismiss and contends that he must have the opportunity to present evidence. Plaintiff is in error. The Court finds that Plaintiff has had the chance to conduct discovery and to provide evidence to support material issues of

disputed fact; yet he has failed to offer relevant and cognizable Rule 56 evidence on his claim for First Amendment Retaliation against Defendant Young.

### III. CONCLUSION

Upon *de novo* review of the facts and findings to which Plaintiff objects, the Court determines that the Objections of Plaintiff Christopher Bell (ECF DKT #49) are without merit. Therefore, the Court adopts the Magistrate Judge's Report and Recommendation (ECF DKT #45-1), grants the Motion (ECF DKT #39) of Defendant David Young for Summary Judgment and dismisses the captioned case with prejudice.

**IT IS SO ORDERED.**

**DATE: 9/27/19**

                                            **s/Christopher A. Boyko**
                                            **CHRISTOPHER A. BOYKO**
                                            **United States District Judge**